Bruce A. WOOD, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 89–50.

United States Court of Veterans Appeals.

July 23, 1991.

Edward J. Kowalczyk, Rick Surratt, Disabled American Veterans, Washington, D.C., for appellant.

Gen. Counsel (027), Dept. of Veterans Affairs, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On March 28, 1991, this Court affirmed the decision of the Board of Veterans' Appeals (BVA) that denied appellant compensation for Post Traumatic Stress Disorder (PTSD). This affirmance was based in part on a factual finding by the BVA that there was no independent corroboration of "stressors" arising from appellant's military service. A review of the record by this Court determined that this finding was plausible under *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990). *See Wood v. Derwinski*, 1 Vet.App. 190, 192–93 (1991).

Appellant has timely requested reconsideration of our opinion under U.S.Vet. App.R. 35(a) (Interim) (final rules effective May 1, 1991). He cites 38 U.S.C. § 354(b) (1988) for the proposition that no independent "evidence of a stressor is necessary if the evidence shows that the veteran was engaged in combat with the enemy and the claimed stressor is related to combat."

Appellant's reliance on § 354(b) and the implementing regulations is misplaced. It is clear that two conditions must exist before the statute applies: (1) the appellant must have been engaged in combat with the enemy and (2) the injury (in this case the "stressors" triggering the PTSD) must have been consistent with the "circumstances, conditions, or hardships of such [combat] service." As we noted in our opinion, the nature of the circumstances of his service were considered in our decision. *See Wood*, at 192–93. There is nothing whatever in the record, including importantly, the appellant's own statements concerning the "stressors", that show he was engaged in combat with the enemy when the putative stressful events occurred. One incident he relies upon was entirely unrelated to combat; the other was a scene he claims to have observed that was the aftermath of a combat action that he had not participated in but had "happened on" after the action was over. It should also be noted that in the latter event he was not present pursuant to official duty but was, at best, an unofficial observer.

The Motion for Reconsideration is DENIED.

STEINBERG, Associate Judge, dissenting:

I respectfully dissent from the Court's denial of reconsideration under Court Rule 35(a). I would grant reconsideration and remand the case to the Board of Veterans' Appeals (BVA or Board) to apply the new provision in the Department of Veterans Affairs Adjudication Procedure Manual, Manual M21–1, para. 50.45e, regarding the development of evidence in cases involving service connection for post-traumatic stress disorder (PTSD). This provision was effective March 26, 1991, prior to the date (March 28, 1991) when our per curiam affirmance was entered in this case.

Under *Fugere v. Derwinski*, 1 Vet.App. 103, 107 (1990), substantive rules (those having the force of law and narrowly limiting administrative action) in VA's Adjudication Procedure Manual are the equivalent of Department regulations, and under *Karnas v. Derwinski*, U.S.Vet.App. 1 Vet.App. 308, 312–13 (1991), a change in such a rule

occurring "after a claim has been filed ... but before the ... judicial appeal process has been concluded" is to be applied to that appeal, absent circumstances not present here (when "the Congress provided otherwise or permitted the Secretary ... to do otherwise and the Secretary did so", *Karnas*, at 313).

Under the new Manual provision, if the evidence in adjudicating a PTSD claim shows that the veteran engaged in combat with the enemy and the claimed stressor is related to combat, no further evidence of a stressor is necessary. I believe the proper course is for the Board—or a regional office on remand from the Board—to determine whether or not, on the facts of this case, the appellant was engaged in "combat" when he experienced the stressors he alleged during a medical evacuation in which he participated after having hitched a ride on an evacuation helicopter and, if so, whether the claimed stressor is related to combat.

In determining that the appellant was not here engaged in combat with the enemy, the Court in its order has engaged in *ab initio* factfinding. The Court also ignores the new Manual provision, which, under *Karnas*, should be applied to this appeal. In its Response to Appellant's Motion for Rehearing at 3, the Department points out the inappropriateness of a factfinding exercise by the Court:

> In light of the recent Manual change, VA has redefined to some extent what constitutes "satisfactory lay or other evidence" of service connection. Obviously, though, VA adjudicators have not had the opportunity to apply this new provision in the Appellant's case; and so it would be inappropriate for the Court to consider it at this juncture. *See* 38 U.S.C. § 4052(b). The Appellant, rather than seek a rehearing (reconsideration) with regard to the Court's recent decision, should pursue a reopened claim at the regional office with the aim of establishing entitlement to service connection under the new liberalizing criteria. [Citations omitted.]

I agree with the Department's analysis insofar as the inappropriateness of this Court's factfinding here, but, under *Karnas*, this case should be remanded to permit Departmental consideration, in the first instance, of the application of the new Manual provision to the facts here. Requiring a claimant who is probably incarcerated to pursue a reopened claim at a regional office, as the Secretary suggests, in order to take advantage of the liberalizing criteria is not, in my view, an adequate substitute for application of these principles, under *Karnas*, to his current claim.