Citation Nr: 1008498 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-24 909 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Columbia, 
South Carolina



THE ISSUE

Whether the appellant's income is excessive for the receipt 
of nonservice-connected death pension benefits. 


ATTORNEY FOR THE BOARD

Nancy S. Kettelle, Counsel






INTRODUCTION

The Veteran had active service from May 1948 to February 1952 
and from March 1954 to January 1955. He died in 
October 2002, and the appellant is his surviving spouse. 

This matter comes to the Board of Veterans' Appeals (Board) 
on appeal from an August 2007 decision of the Department of 
Veterans Affairs (VA) Regional Office (RO) in Columbia, South 
Carolina. 


FINDING OF FACT

The appellant's countable annual family income for a 
surviving spouse with no dependents, minus unreimbursed 
medical expenses, exceeds the maximum annual pension rate 
(MAPR) for death pension benefits for the August 2007 to 
September 2008 period. 


CONCLUSION OF LAW

The criteria for entitlement to nonservice-connected death 
pension benefits during the August 2007 to September 2008 
annualization period are not met. 38 U.S.C.A. §§ 1503, 1521, 
1541 (West 2002 & Supp. 2009); 38 C.F.R. §§ 3.3(b)(4), 3.21, 
3.23, 3.271, 3.272, 3.273 (2009). 




REASONS AND BASES FOR FINDING AND CONCLUSION

VA duty to notify and assist

The provisions of the Veterans Claims Assistance Act of 2000 
(VCAA), codified at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 
3.326(a), and as interpreted by the Courts have been 
fulfilled by information provided to the appellant by 
correspondence dated in September 2007. That letter notified 
the appellant of VA's responsibilities in obtaining 
information to assist in completing her claim and identified 
her duties in obtaining information and evidence to 
substantiate her claim. (See 38 C.F.R. §§ 3.102, 3.156(a), 
3.159, 3.326(a)); Quartuccio v. Principi, 16 Vet. App. 183 
(2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004). See 
also Mayfield v. Nicholson, 19 Vet. App. 103, 110 (2005), 
reversed on other grounds, 444 F.3d 1328 (Fed. Cir. 2006), 
Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); 
Mayfield v. Nicholson (Mayfield II), 20 Vet. App. 537 (2006). 
The Board also notes that 38 C.F.R. § 3.159 was revised, 
effective May 30, 2008, removing the sentence in subsection 
(b)(1) stating that VA will request the claimant provide any 
evidence in the claimant's possession that pertains to the 
claim. 73 Fed. Reg. 23,353-23,356 (Apr. 30, 2008). 

Although the September 2007 notice followed the initial RO 
decision in this matter, the Board finds that this error was 
not prejudicial to the appellant because the actions taken by 
VA after providing the notice have essentially cured the 
error in the timing of notice. Not only has the appellant 
been afforded a meaningful opportunity to participate 
effectively in the processing of her claim and been given 
ample time to respond, the claim has been readjudicated by 
way of the statement of the case issued in July 2008. For 
these reasons, it is not prejudicial to the appellant for the 
Board to proceed to finally decide this appeal as the timing 
error did not affect the essential fairness of the 
adjudication. See Prickett v. Nicholson, 20 Vet. App. 370, 
376 (2006) (the issuance of a fully compliant notice followed 
by readjudication of the claim, such as a statement of the 
case or supplemental statement of the case is sufficient to 
cure a timing defect). 

The Board acknowledges that VA did not inform the appellant 
of how disability evaluations and effective dates are 
assigned. The record, however, shows that any prejudice that 
failure caused was harmless, as the Board concludes that the 
preponderance of the evidence is against the appellant's 
claim for death pension benefits. 

The RO also provided assistance to the appellant as required 
under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as 
indicated under the facts and circumstances in this case. 
Although requested to do so, the appellant did not submit a 
completed medical expense report, and she has not made the RO 
or the Board aware of any change in circumstances or 
additional evidence that needs to be obtained in order to 
fairly decide this appeal. She has not requested a hearing, 
and she has not argued that any error or deficiency in the 
accomplishment of the duty to assist has prejudiced her in 
the adjudication of her appeal. See Shinseki v. Sanders, 129 
S.Ct.1696 (2009) (reversing prior case law imposing a 
presumption of prejudice on any notice deficiency, and 
clarifying that the burden of showing that an error is 
harmful, or prejudicial, normally falls upon the party 
attacking the agency's determination.); Mayfield v. 
Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 
444 F. 3d 1328 (Fed. Cir. 2006). Hence, no further notice or 
assistance to the appellant is required to fulfill VA's duty 
to assist in the development of the claim. 

Moreover, the enactment of the VCAA has no material effect on 
the adjudication of the claim currently before the Board. 
The law, not the evidence, controls the outcome of this 
appeal. Dela Cruz v. Principi, 15 Vet. App. 143 (2001) 
(enactment of the VCAA does not affect matters on appeal when 
the question is one limited to statutory interpretation); 
Sabonis v. Brown, 6 Vet. App. 426 (1994). Furthermore, 
VAOPGCPREC 5-2004, 69 Fed. Reg. 59989 (2004), holds that 
under 38 U.S.C.A. § 5103(a), the VA is not required to 
provide notice of the information and evidence necessary to 
substantiate a claim where that claim cannot be substantiated 
because there is no legal basis for the claim or because 
undisputed facts render the claimant ineligible for the 
claimed benefit, and that under 38 U.S.C.A. § 5103A, the VA 
is not required to assist a claimant in developing evidence 
to substantiate a claim where there is no reasonable 
possibility that such aid could substantiate the claim 
because there is no legal basis for the claim or because 
undisputed facts render the claimant ineligible for the 
claimed benefit. 

The Board notes that the appellant was advised of the need to 
provide information regarding any changes in her income or 
medical expenses in the August 2007 notice letter from the 
RO, and this included the request that should her 
circumstances change, she should complete and return the 
enclose VA Form 21-8416, Medical Expense Report, and VA Form 
21-0518-1, Improved Pension Eligibility Verification Report 
(Surviving Spouse With No Children). In this regard, 
following this notice and the RO's VCAA September 2007 notice 
letter, the appellant submitted only a statement regarding 
her copayment for prescription medicines during May 2007 and 
stated she has no other information or evidence to 
substantiate her claim. As such, the Board finds that a 
remand to procure any further information regarding the 
appellant's income or expenses is not warranted. See Wood v. 
Derwinski, 1 Vet. App. 190 (1991), aff'd on reconsideration, 
1 Vet. App. 406 (1991) (noting that the duty to assist is not 
a one-way street and the claimant has to cooperate to protect 
her interests). There has been no prejudice to the appellant 
that would warrant a remand, and the appellant's procedural 
rights have not been abridged. Bernard v. Brown, 4 Vet. App. 
384 (1993). 

Governing Laws and Regulations for Death Pension

Death pension is available to the "surviving spouse" of a 
Veteran because of his nonservice-connected death, as long as 
the Veteran met certain wartime service requirements or the 
Veteran was at the time of death was receiving (or entitled 
to receive) VA disability compensation or retirement pay for 
a service-connected disability subject to certain income 
limitations. See 38 U.S.C.A. §§ 101, 1521(j), 1541 (West 
2002 & Supp 2009); 38 C.F.R. §§ 3.3(b)(4), 3.23(a)(5), (d)(5) 
(2009). 

Basic entitlement exists if, among other things, the 
surviving spouse's income is not in excess of the applicable 
maximum annual pension rate (MAPR) specified in 38 C.F.R. 
§ 3.23 as changed periodically and reported in the Federal 
Register. See 38 U.S.C.A. § 1521 (West 2002 & Supp. 2009); 
38 C.F.R. §§ 3.3(b)(4), 3.23(a), (b), (d)(5) (2009). The 
MAPR is published in Appendix B of VA Manual M21-1 (M21-1) 
and is to be given the same force and effect as if published 
in VA regulations. 38 C.F.R. §§ 3.21, 3.23. The MAPR is 
revised every December 1st and is applicable for the 
following 12-month period. The MAPR shall be reduced by the 
amount of the countable annual income of the surviving 
spouse. 38 U.S.C.A. §§ 1503, 1521; 38 C.F.R. §§ 3.3, 3.23(b) 
(2009). Fractions of dollars will be disregarded in 
computing annual income. 38 C.F.R. § 3.271(h). 

In determining annual income, all payments of any kind or 
from any source (including salary, retirement or annuity 
payments, or similar income, which has been waived) shall be 
included during the 12-month annualization period in which 
received, except for listed exclusions. 38 U.S.C.A. 
§ 1503(a); 38 C.F.R. § 3.271(a). Social Security 
Administration (SSA) income is not specifically excluded 
under 38 C.F.R. § 3.272. Such income is therefore included 
as countable income. 

Unreimbursed medical expenses in excess of five percent of 
the MAPR, which have been paid, may be excluded from a 
surviving spouse's income for the same 12-month annualization 
period to the extent they were paid. 38 C.F.R. 
§ 3.272(g)(2)(iii). In order to be excluded from income, 
these medical expenses must be paid during the time period at 
issue, regardless of when they were incurred. In addition, 
they must be out-of-pocket expenses, for which the surviving 
spouse received no reimbursement, such as through an 
insurance company. However, medical insurance premiums 
themselves, as well as the Medicare deduction, may be applied 
to reduce countable income.

For the purpose of determining initial entitlement, the 
monthly rate of pension shall be computed by reducing the 
applicable maximum pension rate by the countable income on 
the effective date of entitlement and dividing the remainder 
by 12. 38 C.F.R. § 3.273(a). Recurring income, received or 
anticipated in equal amounts and at regular intervals such as 
weekly, monthly, quarterly and which will continue throughout 
an entire 12-month annualization period, will be counted as 
income during the 12-month annualization period in which it 
is received or anticipated. 38 C.F.R. § 3.271(a)(1). 
Nonrecurring income (income received on a one-time basis) 
will be counted, for pension purposes, for a full 12-month 
annualization period following receipt of the income. 
38 C.F.R. § 3.271(c). The amount of any nonrecurring 
countable income received by a beneficiary shall be added to 
the beneficiary's annual rate of income for a 12-month 
annualization period commencing on the effective date on 
which the nonrecurring income is countable. 38 C.F.R. 
§ 3.273(c). 

As of December 1, 2006, the MAPR as to death pension for a 
surviving spouse without a dependent child was $7,329. See 
38 C.F.R. § 3.23(a)(5); M21-1, Part I, Appendix B; 
(http://www.vba.va.gov/bln/21/Rates/pen0206.htm). 
Five percent of this amount is $366. 

As of December 1, 2007, the MAPR as to death pension for a 
surviving spouse without a dependent child was $7,498. 
See 38 C.F.R. § 3.23(a)(5); M21-1, Part I, Appendix B; 
(http://www.vba.va.gov/bln/21/Rates/pen0207.htm). Five 
percent of this amount is $375. 



Analysis - Death Pension

Initially, the record reveals that the Veteran had the 
requisite wartime service, his death was nonservice-
connected, he was receiving VA compensation benefits, and the 
appellant has the minimal net worth for pension. See 38 
C.F.R. §§ 3.3(b)(4). The basis of the RO's denial of death 
pension benefits was predicated on the surviving spouse's 
excessive income deemed greater than the MAPR in the year she 
applied for benefits. 

The appellant filed this claim for nonservice-connected death 
pension benefits in August 2007. Therefore, the Board must 
calculate her family income for the 12-month annualization 
period after August 2007. See 38 C.F.R. § 3.271(a). 

On her August 2007 death pension application (VA Form 21-
534), the appellant reported her net worth as zero. She 
reported Social Security as her only source of income and 
indicated that her gross monthly income from the SSA was 
$1202.50 per month and that SSA took out $93.50 per month for 
Medicare premiums. In an August 2007 inquiry to SSA, the RO 
confirmed these amounts. At no time during the appeal has 
the appellant indicated that she has any other source of 
income. The appellant's yearly income as of the date of her 
claim has been calculated as $14,430, and her yearly Medicare 
premium was $1,122. 

In August 2007, the appellant submitted an August 2007 
statement from Greenville Hospital System, which said that 
according to the hospital's records the appellant owed the 
hospital a delinquent debt in the amount of $3,735.45. In an 
accompanying statement, the appellant stated that she did not 
have proof of payment because she did not have the funds to 
pay the bill. In this regard, because there is no indication 
that the appellant has paid the hospital, the $3,735.45 
cannot be considered an unreimbursed medical expense. 

In September 2007, the RO requested that the appellant 
complete and return an enclosed VA Form 21-8416, Medical 
Expense Report, and that she include all her past year's 
medical expenses, using only expenses that she had paid in 
full and were not reimbursable. 

The appellant did not complete and return the requested 
Medical Expense Report. She did, in September 2007, submit a 
monthly summary for May 2007 and dated in June 2007 from the 
AARP Medicare Rx Plan. The summary lists two prescriptions 
for which medication was dispensed for 30 days with $6.40 as 
the total amount paid by the appellant. With this 
submission, the appellant stated that she had no other 
information or evidence to give VA to substantiate her claim. 
From this summary, the Board infers that based on these 
figures, the appellant's unreimbursed yearly prescription 
expenses as of the date of her claim may be calculated in the 
amount of $76.80 ($6.40 x 12). Adding the total of her 
reported unreimbursed medical expenses ($76.80) with the 
total for the Medicare premiums ($1,122), the total for 
yearly unreimbursed medical expenses was $1198.80. 

Medical expenses can only be deducted from income to the 
extent that they are in excess of five percent of the MAPR. 
Here the total medical expenses ($1198.80) exceed five 
percent of the MAPR ($366) by $832.80 ($1198.80 - $366). 
Subtracting this amount, i.e., $832.80 (allowable medical 
expenses) from the $14,430 yearly income yields a final 
annual countable income of $13,597.20. 

Thus, the surviving spouse's countable income ($13,597.20) 
exceeds the applicable December 2006 MAPR ($7,329) as to 
death pension for a surviving spouse without a dependent 
child. The surviving spouse's countable income ($13,597.20) 
would also exceed the applicable December 2007 MAPR ($7,498). 

The Board is sympathetic to the surviving spouse's claim and 
her particular circumstances recognizing that she states she 
needs health care she cannot afford and that she knows others 
who are receiving substantial VA benefits. This cannot, 
however, change the fact that in order to be eligible for 
death pension, a surviving spouse's countable income must be 
less than the annual death pension rate determined by law. 
VA is bound by the applicable law and regulations as written. 
38 U.S.C.A. § 7104(c). Here, the evidence indicates that the 
appellant's countable income was in excess of the applicable 
pension rate for death pension, and there is no evidence to 
the contrary. On those facts, the appellant would not be 
legally entitled to death pension benefits for the 12-month 
annualization period from August 2007 to September 2008. See 
Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). The appeal 
must, therefore, be denied. 


ORDER

Due to excessive income, entitlement to nonservice-connected 
death pension benefits is denied. 




____________________________________________
RENÉE M. PELLETIER
Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs