Citation Nr: 1528190 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-18 220 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a back disability. 

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depressive disorder. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel 




INTRODUCTION

The Veteran, who is the appellant, had active service from October 1962 to October 1982. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating determination of the Department of Veterans Affairs Regional Office (RO) in St Petersburg, Florida. 

In its January 2014 remand, the Board expanded the issue of service connection for PTSD to service connection for an acquired psychiatric disorder, to include PTSD, as listed on the title page of this decision.

In November 2014, the Board remanded this matter for additional development, to include an additional VA examination to determine the nature and etiology of any current psychiatric disorder. The requested development has been accomplished insofar as possible and the matter is now ready for appellate review. 


FINDINGS OF FACT

1. The Veteran has a current disability of degenerative joint disease of the lumbar spine. 

2. The Veteran injured his back in service. 

3. The Veteran has experienced "continuous" symptoms of a back disability since service separation.

4. The Veteran has been diagnosed with PTSD and depressive disorder related to an in-service military stressor. 



CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for degenerative joint disease of the lumbar spine have been met. 38 U.S.C.A. §§ 1101, 1110, 1131 (West 2014); 38 C.F.R. §§ 3.102 , 3.303, 3.307, 3.309 (2014).

2. The criteria for service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depressive disorder, have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102 , 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). 

Proper notice from VA must inform the claimant of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Quartuccio v. Principi, 16 Vet. App. 183 (2002). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 11 (2004). 

When VCAA notice is delinquent or erroneous, the "rule of prejudicial error" applies. See 38 U.S.C.A. § 7261(b)(2) (West 2014). In addition, the notice requirements of the VCAA apply to all five elements of a service-connection claim, including: (1) veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486. 

Because the Board is granting the full benefits sought on appeal as to the claimed back and psychiatric disorders, the claims are substantiated, and there are no further VCAA duties or duties to explain compliance with the VCAA. Wensch v. Principi, 15 Vet App 362, 367-368 (2001); see also 38 U.S.C.A. § 5103A(a)(2) (VA Secretary not required to provide assistance "if no reasonable possibility exists that such assistance would aid in substantiating the claim"); VAOPGCPREC 5-2004 (the notice and duty to assist provisions of the VCAA do not apply to claims that could not be substantiated through such notice and assistance).

Service Connection-General Criteria

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131. Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Low Back Disorder

As it relates to the back claim, the Veteran has degenerative joint disease of the lumbar spine, which is the equivalent of arthritis and a chronic disease listed under 38 C.F.R. § 3.309(a). Therefore, 38 C.F.R. § 3.303(b) applies as to the claimed back disorder. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303(b). 

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as arthritis, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

It is the defined and consistently applied policy of VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 3.102 

The Veteran maintains that his current low back disorder is related to back problems that he had in service. 

A review of the service treatment records reveals that the Veteran was seen for low back problems on many occasions in service. In February 1970, the Veteran was diagnosed with lumbar strain. In February 1976, the Veteran was seen with recurrent back pain. X-rays taken at that time were normal. In December 1979, the Veteran was seen with complaints of low back pain. He was noted to have injured his back 17 years earlier carrying a heavy load. He reported having had chronic intermittent problems ever since. A diagnosis of lumbosacral strain was rendered. The Veteran again reported having pain in his back in May 1981. 

In September 1981, the Veteran sought emergency treatment for low back pain. He reported having had back problems for more than six years. He noted that he had had back problems since 1963-4. A diagnosis of lumbosacral strain was rendered. The Veteran was again seen with complaints of back pain in May 1982. A diagnosis of back spasm/muscle spasms was rendered. 

At the time of the Veteran's July 1982 service separation examination, normal findings were reported for the spine. However, on his July 1982 service separation report of medical history, the Veteran checked the yes box when asked if he had or had ever had recurrent back pain. In the notes section of the report, the Veteran was noted to have pulled his low back in 1963. He was noted to have had occasional discomfort since that time. 

At the time of a July 2009 VA examination, the Veteran reported having low back pain since 1963-64. He indicated that he sought medical evaluation and was diagnosed with a muscle strain. The Veteran reported taking muscle relaxers and seeing a chiropractor as needed. Following examination, a diagnosis of thoracolumbar degenerative arthritis was rendered. The examiner indicated that the Veteran's current low back condition was less likely as not caused by this or the result of his acute episodes of lumbar muscle strain in service. The examiner indicated that although the Veteran was treated for lumbar muscle strain in service, there were no medical records to confirm a continued condition since leaving the service. She stated that it was less likely as not that the current condition was a result of, or the same as, the in service condition. 

In conjunction with the November 2014 Board remand, the Veteran was afforded a VA examination in March 2015. The examiner noted that the Veteran reported a history of low back symptoms beginning in 1963-4 after a lifting injury. He reported seeking medical treatment and was diagnosed as having a thoracolumbar muscle strain. Following examination, a diagnosis of degenerative osteoarthritis of the thoracolumbar spine was rendered. The examiner opined that the Veteran's degenerative lumbar spondylosis was less likely as not caused by or the result of acute low back strain noted in service. He stated that the Veteran's degenerative lumbar spondylosis was a stand-alone entity neither due to or aggravated by military service or episodic intermittent treatments for low back strain symptoms. The examiner indicated that although the Veteran stated that he injured his back in service and that he had continuity of symptomatology since service, there was no medical evidence to support his contention of continuous symptoms or treatment. In reaching this determination, the examiner cited to some but not all of the service entries noting treatment for low back problems. The examiner did not mention the reports of low back pain in September 1981 and May 1982. 

Initially, the Board finds that the Veteran currently has a diagnosed disability of degenerative joint disease of the lumbar spine. Next, the Board finds that the weight of the medical and lay evidence is in equipoise that the Veteran injured his back in service. As noted above, the service treatment records show treatment for complaints of low back symptoms on many occasions in service. Finally, the Board finds that the weight of the medical and lay evidence of record is in equipoise on the question of whether the Veteran has had continuous symptoms of back problems since service separation. The Veteran has reported having had problems with his back from the time of service. His contentions are bolstered by the number of times that he reported having had back problems in service relating them to a back injury sustained in 1963, to include noting recurrent back pain at the time of his separation from service. The Veteran has also reported having back problems related to the 1963 injury at the time of each VA examination. The Board has no reason to doubt the Veteran's credibility. The evidence of record is sufficient to show continuous back symptoms since service to meet the requirements of presumptive service connection under 38 C.F.R. § 3.303(b). The Veteran's statements along with the treatment records currently of record are sufficient to place in equipoise the question of whether the Veteran experienced continuity of symptomatology of a back disorder since service separation which was later diagnosed as degenerative joint disease. See Clyburn v. West, 12 Vet. App. 296, 301 (1999) (a veteran is competent to testify regarding continuous knee pain since service).

With regard to the VA examiners' opinions that the Veteran's back disability is not service related, the Board finds such opinions to be of limited probative value. The initial examiner did not address the Veteran's contentions of continuous symptoms since service. The March 2015 VA examiner, while noting the Veteran's complaints of continuous symptoms, again relied upon the absence of medical records showing continuity of symptoms as the reason for the denial. Moreover, the examiner, while citing to several in service treatment entries, did not address the Veteran's reports of continuity of symptoms in service, including the notations of back problems in the treatment records in close proximity to the Veteran's separation from service, with a history of problems dating back to 1963 which was reported at that time. As such, the Board finds the examiner's opinions to be of limited probative value. 

For these reasons, and resolving all reasonable doubt in the Veteran's favor, the Board finds that the Veteran injured his back in service and has experienced "continuous" symptoms of a back disorder, now diagnosed as degenerative joint disease of the lumbar spine, since service separation. As such, the criteria for presumptive service connection for degenerative joint disease of the lumbar spine under 38 C.F.R. § 3.303(b) based on "continuous" post-service symptoms, have been met. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Psychiatric Disorder, to Include PTSD and a Depressive Disorder

The Veteran's claimed acquired psychiatric disorders are not chronic diseases listed under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. § 3.303(b) do not apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Service connection for PTSD requires the following three elements: (1) a current medical diagnosis of PTSD, (2) credible supporting evidence that the claimed in-service stressor(s) actually occurred, and (3) medical evidence of a causal relationship between current symptomatology and the specific claimed in-service stressor(s). See 38 C.F.R. § 3.304(f). 

In adjudicating a claim for service connection for PTSD, the Board is required to evaluate evidence based on places, types, and circumstances of service, as shown by the veteran's military records and all pertinent medical and lay evidence. Hayes v. Brown, 5 Vet. App. 60, 66 (1993); see also 38 U.S.C.A. § 1154(a) (West 2014); 38 C.F.R. § 3.304(f). The evidence necessary to establish the occurrence of an in-service stressor for PTSD will vary depending on whether or not the veteran "engaged in combat with the enemy." Id. 

If VA determines that a veteran engaged in combat with the enemy and that the alleged stressor is related to combat, then the veteran's lay testimony or statements are accepted as conclusive evidence of the occurrence of the claimed stressor. No further development or corroborative evidence is required, provided that the claimed stressor is "consistent with the circumstances, conditions, or hardships of the veteran's service." 38 U.S.C.A. § 1154(b) (West 2014); 38 C.F.R. § 3.304(f). 

If, however, VA determines that the veteran did not engage in combat with the enemy or that the alleged stressor is not related to combat, the veteran's lay testimony by itself is not sufficient to establish the occurrence of the alleged stressor. Instead, the record must contain service records or other evidence to corroborate the veteran's testimony or statements. See Moreau v. Brown, 9 Vet. App. 389, 394 (1996). 

The question of whether a veteran was exposed to a stressor in service is a factual one, and VA adjudicators are not bound to accept uncorroborated accounts of stressors or medical opinions based upon such accounts. Wood v. Derwinski, 1 Vet. App. 190 (1991), aff'd on reconsideration, 1 Vet. App. 406 (1991). Hence, whether a stressor was of sufficient gravity to cause or support a diagnosis of PTSD is a question of fact for medical professionals and whether the evidence establishes the occurrence of stressors is a question of fact for adjudicators.

 The Veteran maintains that his current psychiatric disorders are related to his period of service. He has reported three stressors. He has reported that a close friend of died during service when he fell from a water tower. He reported that he was station on a submarine when it hit a coral reef. He also reported the he was stationed on the submarine which experience flooding when evacuating a fellow crewmember. 

In support of his claim, the Veteran submitted a December 2008 medical examination report from W. A., Psy.D. The examiner noted the above three incidents reported by the Veteran. Following examination, Axis I diagnoses of PTSD and depressive disorder, NOS, were rendered. She opined that the Veteran had PTSD and depression secondary to his military service. 

The Veteran was afforded a VA psychiatric examination in September 2011. Following examination, diagnoses of depressive disorder, NOS, and PTSD were rendered. The examiner noted that while the Veteran's friend fell from the water tower, he did not witness the event. The examiner stated that the verified stressor could not serve as the basis for the grant of PTSD as the incident did not create a threat to the Veteran's safety/integrity. The examiner noted that the Veteran met the criteria for a diagnosis of PTSD but stated that the evidence failed to connect it to the conceded stressor. 

In conjunction with a Janaury 2014 Board remand, the Veteran was afforded an additional VA examination in March 2014. Following examination, the examiner stated that the Veteran did not currently have any mental diagnosis. 

In November 2014, the Board once again remanded this claim for additional development, to include a VA examination. The examiner was to provide all psychiatric diagnoses. If the Veteran was diagnosed with PTSD, the examiner was to determine whether it was at least as likely as not (50 percent or greater) that the PTSD was the result of the Veteran's confirmed in-service stressor of hearing about the death of his friend and fellow service member as a result of falling from a water tower. In so doing, the examiner was to address the September 2011 VA examiner's opinion which indicated that the Veteran met the criteria for PTSD but found that the diagnosis was not based on the confirmed stressor of record. The examiner was to specifically indicate the stressor upon which the PTSD diagnosis was based and state whether the confirmed stressor of record met the criteria for a diagnosis of PTSD. If it was concluded that the Veteran did not currently meet the criteria for PTSD, and had not met such criteria for any distinct period of time during the course of his appeal, it was to then be explained why he had not met the criteria. With regard to any other diagnosed psychiatric disorder, to include depressive disorder if found, the examiner was to specifically state whether it is was least as likely as not (50 percent or greater probability) that the diagnosed acquired psychiatric disability other than PTSD either began during, or was otherwise caused by, either his military service or by a service connected disability. 

The Veteran was afforded the requested examination in March 2015. Following examination, a diagnosis of unspecified depressive disorder was rendered. 

The examiner indicated that the Veteran did not meet the criteria for a diagnosis of PTSD. She did note, however, that the Veteran's confirmed stressor did meet the criteria for PTSD. As to the 2011 VA examiner's statements, it was stated that although the prior examiner in 2011 indicated a diagnosis of PTSD, this examiner would have to resort to speculation to answer the query regarding the diagnosis of PTSD for distinct period of time during the course of the appeal. It was also indicated that the 2011 examiner also had a diagnosis of depressive disorder NOS and possible overlap with depression and PTSD and that in 2014 the subsequent examiner noted the resolution of all depressive and trauma-related symptoms. 

As to the unspecified depressive disorder, the examiner stated that it was less likely than not that this began during service or was otherwise caused by his military service or a service-connected disability. The examiner stated that the Veteran's current depressive symptoms started after 2007, twenty-five years after he retired from the United States Army. She noted that there were not any records noting any mental health concerns during the Veteran's military service. 

Upon review of all the evidence of record, both lay and medical, the Board finds that the evidence is in equipoise to whether the Veteran's psychiatric disorders, variously diagnosed as PTSD and depressive disorder, are related to service. 

The Veteran was diagnosed as having depressive disorder, NOS, by both his private psychologist and two out of the three VA examiners. The Veteran was diagnosed as having PTSD by both his private examiner and the July 2011 VA examiner. The evidence is in equipoise as to whether that confirmed incident of the Veteran's friend dying when falling from the water tower has been found to be a stressor which may serve as a basis for the diagnosis of PTSD. The private examiner has indicated that the friend's death served as a stressor for the diagnosis of PTSD. Moreover, while the March 2015 VA examiner did not render a diagnose of PTSD, the examiner found that the incident of the friend dying could serve as the stressor if the Veteran had been diagnosed as PTSD. In contrast, the June 2011 VA examiner has indicated that the Veteran's friend dying could not serve as the requisite stressor as the Veteran did not witness his friend dying. As such there is both favorable and unfavorable evidence regarding whether there is a confirmed stressor related to PTSD and the Board will resolve any doubt in the Veteran's favor. 

Resolving reasonable doubt in favor of the Veteran, the Board finds that the variously diagnosed psychiatric disorders of PTSD and depressive disorder, NOS, are related to his period of service. The Veteran has been diagnosed with these disorders during the course of this appeal. The evidence is in equipoise as to whether the Veteran's claimed stressor could serve as the basis for these diagnoses, as evidenced by the varying opinions rendered above. Given the foregoing, and resolving any doubt in the Veteran's favor, service connection for a psychiatric disorder, variously diagnosed as PTSD and depressive disorder, NOS, is warranted. 

The Board does not need to differentiate the Veteran's current psychiatric symptoms to determine the specific etiology of any residuals that may be associated with PTSD, as all the Veteran's psychiatric impairment and symptomatology are recognized as part of the psychiatric disorders for which service connection is being granted, namely, PTSD, a mood disorder that generally includes depression and anxiety. See 38 C.F.R. § 3.102; Mittleider v. West, 11 Vet. App. 181 (1998) citing Mitchem v. Brown, 9 Vet. App. 136, 140 (1996) (the Board is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence which does so). For these reasons, the Board finds that an acquired psychiatric disorder, to include PTSD and depressive disorder, NOS, is related to service. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.



ORDER

Service connection for degenerative joint disease of the lumbar spine is granted. 

Service connection for a psychiatric disorder, variously diagnosed as PTSD and depressive disorder, is granted. 




______________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs