﻿Citation Nr: 19142241
Decision Date: 05/31/19 Archive Date: 05/31/19

DOCKET NO. 18-12 387
DATE: May 31, 2019

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

Based on the current evidence of record, the Veteran served in the Air National Guard from June 1958 to March 1994. However, it is unclear what periods of service were considered active duty. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a March 2017 rating decision from the Department of Veterans Affairs (VA) Veterans Benefits Administration Regional Office (RO).

In October 2018, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript is of record.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C. § 7107(a)(2).

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

Although the Board regrets the delay, additional development is needed prior to further disposition of the claims of entitlement to service connection for PTSD. 

The Veteran was in the Air National Guard from June 1958 to March 1994. Some service personnel records are part of the record. However, it is not possible to determine the periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) during Air National Guard service from those records. Remand is necessary to verify the Veteran’s periods of ACDUTRA and INACDUTRA. Service connection may be established for a disability or injury incurred in or aggravated by “active military service.” 38 U.S.C. § 1110; 38 C.F.R. § 3.303. The term “active military, naval, or air service” includes any period of ACDUTRA during which the individual concerned was disabled from a disease or injury incurred or aggravated in line of duty. This term also includes any period of INACDUTRA during which the individual was disabled from an injury incurred or aggravated in line of duty. Thus, the Veteran may be service connected for a disorder if it is shown that this disorder had its onset during a period of ACDUTRA or is related to an injury incurred during a period of ACDUTRA or INACDUTRA. In this case, the Veteran reports that his psychiatric disorder began during ACDUTRA service. On remand, the Veteran’s periods of ACDUTRA, INACDUTRA, or active duty, should be established. The Board notes presence of another case, currently before the RO, undergoing additional development for similar reasoning. 

The Board notes that in a March 2017 VA examination, the examiner attributed the Veteran’s psychiatric disorders to the Veteran’s self-reported in-service traumatic event, which, to date, VA has been unable to verify. Specifically, the examiner attributed the Veteran's psychiatric disorders to the Veteran's 20 foot fall from a telephone pole during an annual tour in June 1959. The sole evidence supporting the examiner’s conclusion is the Veteran’s contentions that the claimed event occurred. Contemporaneous medical records indicate that the Veteran collapsed from heat prostration in June 1959. However, the official service record, as it currently stands, shows that the Veteran collapsed after descending to the ground from a telephone cable. There are no records that document a fall from a telephone pole and no evidence of a fall during service within the record. The only evidence of a fall comes from the Veteran himself who, admittedly, has no recollection of the syncopal episode but remembers feeling dizzy and then waking up in an ambulance. 

Although the examiner provided a positive opinion relating PTSD to service, the Board notes that a diagnosis by a physician or other health care professional that has accepted a Veteran’s description of active duty experiences as credible and diagnosed the Veteran as suffering from PTSD does not mean the Board is required to grant service connection for PTSD. 

While the March 2017 examiner provided a positive opinion relating the Veteran’s PTSD to service, there is currently no corroborating evidence that the Veteran’s claimed stressor occurred as described by the Veteran. The question of whether the Veteran was exposed to a stressor in-service is a factual one, and VA adjudicators are not bound to accept uncorroborated accounts of stressors or medical opinions based upon such accounts. Wood v. Derwinski, 1 Vet. App. 406 (1991). 

An opinion may be discounted if it materially relies on a lay person’s unsupported history as the premise for that opinion; a doctor’s opinion must be substantiated by the evidence of record. Wood v. Derwinski, 1 Vet. App. 190 (1991). Therefore, whether a stressor was of sufficient gravity to cause or support a diagnosis of PTSD is a question of fact for medical professionals. Whether the evidence establishes the occurrence of a claimed stressor or in-service event is a question of fact for adjudicators. The Board finds that the credible and competent evidence currently of record does not support the Veteran’s assertions of the stressor events claimed to have occurred as the Veteran asserts they occurred.

When VA provides an examination or obtains an opinion, the examination or opinion must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). VA’s statutory duty to assist the Veteran includes the duty to conduct a thorough examination so that the evaluation of the claimed disability will be a fully informed one. Green v. Derwinski, 1 Vet. App. 121 (1991); Snuffer v. Gober, 10 Vet. App. 400 (1997). Assistance by VA includes providing a medical examination or obtaining a medical opinion when an examination or opinion is necessary to make a decision on a claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). Because the March 2017 VA examination relies on a lay person’s unsupported history of a fall and the examiner failed to opinion as to the nature and etiology of the Veteran's recurrent, severe, major depressive disorder and panic disorder, the Board finds that remand is necessary for an adequate etiological opinion regarding the Veteran's psychiatric disorders. 

The Veteran is notified that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. § 3.655.

The matter is REMANDED for the following action:

1. Contact the National Personnel Records Center (NPRC) or the appropriate service entity and request verification of the Veteran’s complete periods of active duty, active duty for training, and inactive duty for training with the Air National Guard and forward all available service medical and personnel records associated with the Veteran’s service for incorporation into the record. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that the records do not exist or that further efforts to obtain the records would be futile, which should be documented in the claims file. The Veteran and representative must be notified in accordance with 38 C.F.R. § 3.159(e). The AOJ should prepare a formal memo for the record that accurately indicates the complete, recognized federal service of the Veteran. The document should state separate periods of active duty, active duty for training, and inactive duty training.

2. Take appropriate action to attempt to verify the claimed 1959 in-service fall from a telephone pole from which the Veteran is claiming a current psychiatric disability arose. A copy of any requests sent to the JSRRC or other appropriate entity, and any reply, to include any negative reply, should be associated with the claims file. If the event is not verified, an official determination so indicating should be entered into the record.

3. Request the Veteran identify the names, addresses, and approximate dates of treatment for all VA and non-VA health care providers who provided treatment for a psychiatric disability. After securing the necessary releases, attempt to obtain all copies of pertinent treatment records identified by the Veteran that are not currently of record. At a minimum, obtain any outstanding VA treatment records. All attempts to obtain records must be documented in the claims folder

4. Then, schedule the Veteran for a VA examination to determine the etiology of any diagnosed psychiatric disability. The examiner must review the claims file and should note that review in the report. The examiner should consider the lay statements and hearing testimony of record if any, regarding the stressors the Veteran contends he was exposed to while in-service. A clearly stated rationale for any opinion offered should be provided and must not be based solely on the lack of an in-service record of the claimed disability. If any requested opinion cannot be provided without resort to speculation, the medical professional should state and explain why an opinion cannot be provided without resort to speculation.

(a.) After reviewing the claims file, interviewing the Veteran, and performing a mental health evaluation, the examiner should diagnose all psychiatric disabilities present. The examiner should specifically state whether or not the Veteran meets each criterion for a diagnosis of PTSD. If a diagnosis of PTSD is warranted, the examiner should state the stressor or stressors productive of PTSD.

(b.) The examiner should opine whether it is as likely as not (50 percent probability or greater) that each diagnosed psychiatric disability is due to or related to active service, or any event, disease, or injury during service.

(c.) The examiner should opine whether it is as likely as not (50 percent probability or greater) that each diagnosed psychiatric disability is due to or caused by any service-connected disabilities.

(Continued on the next page)

 

(d.) The examiner should opine whether it is as likely as not (50 percent probability or greater) that each diagnosed psychiatric disability has been aggravated (permanently increased in severity beyond the natural progress of the disorder) by any service-connected disabilities.

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Mondesir, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.