﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190723-15955
DATE: April 30, 2020

ORDER

Service connection for posttraumatic stress disorder (PTSD) is denied.

Service connection for hypertension is denied.

FINDINGS OF FACT

1. The evidence of record does not show that the Veteran has been diagnosed with PTSD as a result of an in-service stressor.

2. The Veteran’s hypertension was not shown in service or within a year of service discharge; and the evidence fails to establish that the Veteran’s diagnosed hypertension is related to active service.

CONCLUSIONS OF LAW

1. The criteria for service connection for PTSD have not been met. 38 U.S.C. §§ 1131; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for hypertension have not been met. 38 U.S.C. §§ 1101, 1131; 38 C.F.R. § 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from November 1982 to November 1986. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 rating decision issued by a Department of Veterans Affairs (VA) regional office (RO). He selected the evidence submission docket in his July 2019 VA Form 10182, which allowed for him to submit evidence within the 90 days following the filing of that form.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for PTSD and hypertension, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Service connection for posttraumatic stress disorder (PTSD) is denied.

In his December 2018 VA compensation application, the Veteran stated that he had PTSD due to an in-service incident. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § § 3.303(d).

Service connection for PTSD requires (1) medical evidence establishing a diagnosis of the condition in accordance with the provisions of 38 C.F.R. §§ 4.125(a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. §§ 3.304(f). In PTSD claims that are not combat-related, do not pertain to the fear of hostile military or terrorist activity, nor related to a Veteran’s status as a prisoner of war, lay testimony alone is not sufficient to establish that a stressor occurred; it must be corroborated by “credible supporting evidence.” 38 C.F.R. §§ 3.304(f); see Cohen v. Brown, 10 Vet. App. 128, 142 (1997).

In this case, the AOJ did not find a current diagnosis of PTSD. However, private medical evidence reflects that the Veteran was diagnosed with PTSD. See April 2015 independent medical evaluation and June 2017 comprehensive examination form. Therefore, in this case, the determinative question is whether the PTSD diagnosis is related to an in-service stressor or whether the claimed PTSD symptoms are more likely the result of other unrelated factors. See Swann v. Brown, 5 Vet. App. 229, 232-33 (1993) (where a veteran’s alleged stressors are uncorroborated, the Board is not required to accept a recent diagnosis of PTSD as being the result of the veteran’s service).

The question of whether the Veteran was exposed to a stressor in service is a factual determination, and VA adjudicators are not bound to accept uncorroborated accounts of stressors or medical opinions based upon such accounts. Wood v. Derwinski, 1 Vet. App. 190 (1991), aff’d on reconsideration, 1 Vet. App. 406 (1991). Thus, whether the evidence establishes the occurrence of stressors is a question of fact for VA adjudicators, and whether any stressors that occurred were of sufficient gravity to cause or to support a diagnosis of PTSD is a question for medical professionals.

In this case, the treatment records reflect that the Veteran’s PTSD is due to a tragedy that occurred while he was working as a firefighter in 2012 and is not related to an in-service incident. For instance, an April 2015 detailed independent medical evaluation reflects that the Veteran’s PTSD was causally related to the December 2012 incident when the Veteran found his fellow firefighter dead in the firehouse. During the evaluation, the Veteran did not speak of any stressors that occurred during his military service. Moreover, a June 2015 initial assessment reflects that the presenting problem for his psychiatric symptoms started when he witnessed a fellow firefighter die at the firehouse in December 2012. A January 2016 medical opinion reflects that the Veteran’s work-related PTSD is intertwined with a number of other factors, including the recent death of his brother, racial tensions in the city and the fire department, and the Veteran’s furor over how his career came to an end. An April 2016 record reflects a private psychologist’s opinion that the Veteran had been suffering from PTSD ever since he came upon a fellow worker who had died suddenly while the Veteran was employed at the fire department. A May 2017 comprehensive examination form reflects that the Veteran’s psychiatric disability started after he found his fellow firefighter dead. 

Furthermore, there is no in-service document or corroborating evidence that the Veteran engaged in combat with the enemy during service and was exposed to hostile military or terrorist activity during service. 38 U.S.C. § 1154 (b); 38 C.F.R. § 3.304 (f). His DD Form 214 reveals that the Veteran did not have any foreign service between 1982 and 1986. He is not in receipt of any military citations that denote combat service. He is not otherwise shown to have combat service, nor has the Veteran asserted being involved in combat during service. 

If a veteran did not engage in combat with the enemy, or the claimed stressor is not related to combat, and the stressor is not related to “fear of hostile military or terrorist activity,” then the veteran’s testimony alone is not sufficient to establish the occurrence of the claimed stressor and his testimony must be corroborated by credible supporting evidence. Cohen v. Brown, 10 Vet. App. 128 (1997). Furthermore, service department records must support, and not contradict, the claimant’s testimony regarding non-combat stressors. Doran v. Brown, 6 Vet. App. 283 (1994). 

In this case, the Veteran claimed that his in-service stressors included finding a fellow serviceman unconscious during training and having a gun leveled at the Veteran and a companion on base check. However, neither of those claims could be verified within the Veteran’s military personnel records or within the National Archives Records Administration. Moreover, the VA examiner in May 2019 opined that even if the stressors could be confirmed, the nightmares do not overlap stressor content, the Veteran reported numerous symptoms that do not fit in his narrative and that his alleged stressors would not support a diagnosis of PTSD. 

In his July 2019 correspondence, the Veteran did not allege a hostile military or terrorist activity but reiterated that his witnessing of a fellow serviceman who fell unconsciousness and someone putting a gun to his head caused his PTSD symptoms and these incidents instilled fear during his active service. The evidence of record, however, do not support the Veteran’s assertions that he was diagnosed with PTSD due to an in-service related incident. His medical records clearly reflect that his PTSD symptoms occurred due to a tragedy that occurred while he was working as a firefighter in December 2012.

The Board is sympathetic to the appellant; however, the Board is bound by all of the laws and regulations in effect. Based on the evidence of record, which indicate that the Veteran’s diagnosis of PTSD and associated symptoms were related to the December 2012 incident at the firehouse (post-service). Therefore, the Board concludes that service connection for PTSD is not warranted, and the claim is denied.

2. Service connection for hypertension is denied.

In his May 2019 compensation application, the Veteran filed a claim for service connection for hypertension. In the May 2019 rating decision, the AOJ found that the Veteran was diagnosed with hypertension and therefore exhibits a current disability.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § § 3.303(d).

Certain chronic diseases, such as hypertension will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service (typically one year); or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

In this case, the Veteran has not alleged any in-service incident, disease or injury that led to his current diagnosis of hypertension. Moreover, service treatment records do not indicate any complaints, treatment, or diagnosis of hypertension during his military service. In fact, his blood pressure taken during active service appear to be in the normal range: e.g., 118/78 (May 1984), 130/64 (November 1985), and 104/66 (December 1985).

There is nothing in the record, including any lay statements, that would suggest that his current hypertension had onset in service. The earliest clinical evidence of record shows that a diagnosis of hypertension was in 2014, almost 30 years after separation from service. See September 2014 VA treatment record. The lapse of time between service separation and the earliest documentation of current disability is a factor for consideration in deciding a service connection claim. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

Moreover, without any lay or medical evidence of the Veteran’s hypertension manifesting to a compensable degree within one year following separation from service, there is also no basis for service connection on a presumptive basis. Accordingly, the claim is denied.

The Veteran has not been afforded a VA examination with respect to his claim for service connection for hypertension, but no examination is required because the lay and medical evidence does not show that the claimed disability, or symptoms thereof, may be associated with the Veteran’s active service. 38 U.S.C. § 5103A (d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). Under McLendon, VA is obligated to provide an examination only when the record contains (1) competent evidence of a current disability (or persistent or recurrent symptoms of a disability), (2) evidence establishing that an event, injury, or disease occurred in service, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service, but (4) there is insufficient competent medical evidence on file to decide the claim. 38 U.S.C. § 5103A (d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

In this case, there is no evidence of hypertension in service or until almost 30 years after service, and there is no lay or medical evidence that suggests it may be related to service or to a service-connected disability. For these reasons, the Board finds a VA medical opinion is not necessary to decide the claim of service connection for hypertension. McLendon, 20 Vet. App. at 81; 38 U.S.C. § 5103A (d)(2); 38 C.F.R. § 3.159 (c)(4)(i)(C).

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Lee, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.