Citation Nr: 1602937 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 08-36 907 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a sleeping disorder, claimed as insomnia, to include as due to a service-connected disability. 


WITNESS AT HEARING ON APPEAL

The Veteran 


ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel






INTRODUCTION

The Veteran served on active duty from August 2001 to August 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In November 2011, a Travel Board hearing was held before the undersigned Veterans Law Judge; a transcript of the hearing is associated with the claims file.

This matter was most recently remanded in June 2015 for further development. That development has been completed and the matter is again before the Board. 

The Board has reviewed all pertinent evidence in the Veteran's claims file, which has been converted in its entirety to an electronic record as part of VA's paperless Veterans Benefits Management System (VBMS).


FINDING OF FACT

The Veteran's sleep disorder did not have its onset in service and is not etiologically related to service, or as secondary to a service-connected disability. 


CONCLUSION OF LAW

The criteria to establish service connection for a sleep disorder are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.655 (2015).





REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VCAA notice requirements apply to all five elements of a service connection claim: 1) veteran status; 2) existence of a disability; 3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 484-86 (2006), aff'd Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction decision on a claim. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

The Veteran was advised of VA's duties to notify and assist in the development of his claim in a September 2007 letter that explained the evidence necessary to substantiate the claim, the evidence VA was responsible for providing, and the evidence he was responsible for providing. The letter also informed him of degree of disability and effective date criteria. The Veteran's claim was most recently readjudicated in a November 2015 supplemental statement of the case. The Board finds that the notification requirements of the VCAA have been satisfied as to both timing and content as to the Veteran's claim. It is not alleged that notice in this case was less than adequate. See Shinseki v. Sanders, 556 U.S. 396 (2009) (discussing the rule of prejudicial error). 

Next, VA has a duty to assist the Veteran in the development of his claim. This duty includes assisting him in the procurement of pertinent medical records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In this case, the RO has obtained and associated with the claims file the Veteran's service treatment records (STRs), private treatment records, and VA treatment records. The Veteran has not identified any additional outstanding records that have not been requested or obtained. The Veteran was afforded VA examinations in October 2007, August 2012, and October 2014. The Board finds that the VA examinations are adequate to decide the claim. The examiners' opinions reflect consideration of all of the pertinent evidence of record, to include the statements of the Veteran, and reflect adequate rationale. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

This matter was previously before the Board in June 2015, at which time it was remanded for further development. The June 2015 remand directed the RO to schedule the Veteran for a VA examination after obtaining pertinent VA treatment records dated after September 2012. The RO found no pertinent VA treatment records dated after September 2012. In August 2015, the Veteran was scheduled for a VA examination, but failed to report for the examination. The Veteran has not contacted VA to explain his failure to report or to request to be rescheduled. The duty to assist a claimant is not a one-way street, and in this case the Veteran has failed to cooperate to the full extent in the development of his claim. Wood v. Derwinski, 1 Vet. App. 406 (1991). When a claimant fails without good cause to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record; see 38 C.F.R. § 3.655(a), (b). Thus, the Board finds substantial compliance with the June 2015 remand directives. Stegall v. West, 11 Vet. App. 268 (1998). 

The Veteran was afforded a hearing before the undersigned VLJ in November 2011, during which he presented oral argument in support of his claim. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. 

Here, the VLJ identified the issue on appeal and the Veteran testified as to his symptomatology and treatment history. The hearing focused on the elements necessary to substantiate the claim and the Veteran testified as to those elements. The Veteran has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. As such, the Board finds that there is no prejudice to the Veteran in deciding this case and that no further action pursuant to Bryant is necessary.

As such, VA has satisfied its duties to notify and assist.

II. Service Connection

The Veteran contends that his sleep disorder had its onset in service or is related to a service-connected disability. 

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table). 

In addition to the elements of direct service connection, service connection may also be granted on a secondary basis for a disability if it is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

Determinations as to service connection will be based on review of the entire evidence of record, to include all pertinent medical and lay evidence, with due consideration to VA's policy to administer the law under a broad and liberal interpretation consistent with the facts in each individual case. 38 U.S.C.A. § 1154(a); 38 C.F.R. § 3.303(a).

When a Veteran seeks benefits and the evidence is in relative equipoise, the Veteran prevails. 38 C.F.R. § 3.102 (2015); see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and recurrent symptoms. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d at 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board").

On VA examination in October 2007, the Veteran was diagnosed with circadian rhythm sleep disorder, short sleeper, and shift work type insomnia. In August 2012 he was diagnosed with obstructive sleep apnea. The Veteran's July 2007 separation examination report shows he identified insomnia as a problem at the time and an August 2007 service treatment record indicates he took Ambien for insomnia. 

The Board finds that there is insufficient evidence in the record to show that it is at least as likely as not that any current sleep disorder was due to disease or injury incurred in service. The August 2012 VA examiner opined that the Veteran's sleep apnea was less likely than not incurred in or caused by his service as the Veteran's sleep apnea was recently diagnosed without significant symptoms. The October 2014 VA examiner noted the Veteran's October 2007 VA examination complaints of difficulty in sleep initiation, and that persons with sleep apnea generally do not have trouble with sleep initiation and usually are prone to falling asleep too easily, often in inappropriate situations. After taking into consideration the Veteran's 2012 diagnosis of sleep apnea and his in-service complaints, the examiner opined that it is less likely than not that the Veteran's sleep apnea is related to service. 

The Veteran contends that his sleep condition is related to his service-connected shoulder and toe disabilities. However, the record does not include any competent evidence linking sleep apnea to his musculoskeletal disabilities. In this regard, the October 2014 VA examiner opined that the Veteran's sleep apnea is not caused or aggravated by his service-connected disabilities. The examiner explained that there is no pathophysiological relationship between obstruction of the upper respiratory tract and musculoskeletal disorders affecting the toes or shoulders. Further, the examiner reasoned that the Veteran's sleep apnea has not worsened since its 2012 diagnosis. 

The Board can find no reason to discount the probative weight of the August 2012 and October 2014 VA examiners' medical opinions as they are based on an accurate and complete review of the pertinent medical history. The VA examiners also stated their opinions clearly and unequivocally, and they articulated the medical reasons that led them to reach their opinions. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008)

There is no medical opinion of record indicating that the diagnosed sleep disorders are due to any event, disease or injury from military service. Although the Veteran is competent to testify regarding what he experiences, he is not competent to give a medical opinion as to the etiology of his sleep disorder, which requires clinical expertise. See Jandreau v Nicholson, 492 F.3d 1372, 1377, n. 4 (Fed. Cir. 2007). His statements on etiology are therefore not afforded probative value. 

In June 2015, the Board found that an opinion remained necessary to address whether circadian rhythm sleep disorder and/or insomnia type symptoms were a primary diagnosis, and if so whether they were related to service, or a service-connected disability. Unfortunately, the Veteran did not report to the VA examination scheduled in conjunction with his claim. He has not provided an explanation for the missed examination and has not otherwise provided VA with any records of a nexus to service. His failure to cooperate with VA made it impossible to obtain the evidence that was the aim of the planned examination and his claim must be rated on the evidence of record. 38 C.F.R. 3.655(b). Here, no competent evidence links this or any sleep disorder to service. 

Because the evidence preponderates against the claim of service connection for a sleep disorder or as secondary to a service-connected disability, the benefit-of-the-doubt doctrine is inapplicable, and the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 55-57.


ORDER

Service connection for a sleep disorder is denied. 



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals












Department of Veterans Affairs