Citation Nr: 1829759 
Decision Date: 07/23/18 Archive Date: 08/02/18

DOCKET NO. 13-00 506 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim for service connection for a skin disorder.

2. Entitlement to service connection for gum disease.

3. Entitlement to service connection for bilateral hearing loss.

4. Entitlement to service connection for a skin disorder.


ATTORNEY FOR THE BOARD

V-N. Pratt, Associate Counsel 



INTRODUCTION

The Veteran served on active duty from September 1988 to September 1992.

This appeal comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In April 2016, the Board remanded the case to the RO for further evidentiary development.

The issues of service connection for bilateral hearing loss and a skin disorder are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. Service connection for pseudofolliculitis, claimed as bumps on the body, was denied in an unappealed December 1992 rating decision.

2. Since the last, final December 1992 rating decision, the evidence submitted to reopen the claim for service connection for a skin disorder is new and material.

3. The Veteran does not have a current, qualifying dental disability that is etiologically related to service. 


CONCLUSIONS OF LAW

1. The criteria for reopening a claim for service connection for a skin disorder are met. 38 U.S.C. §§ 5108, 7105 (2014); 38 C.F.R. §§ 3.156 (2017).

2. The criteria for service connection for gum disease have not been met. 38 U.S.C. § 1110 (2014); 38 C.F.R. §§ 3.303, 4.150 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New & Material Evidence to Reopen a Claim for a Skin Disorder

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a Veteran. 38 U.S.C. § 5108 (2014); 38 C.F.R. § 3.156(a) (2017); Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998). New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

In determining whether new and material evidence has been received, VA must initially decide whether evidence associated with the claims file since the prior final denial is new. New evidence is that which was not of record at the time of the last final disallowance on any basis of the claim, and is not merely cumulative of other evidence that was then of record. 38 C.F.R. § 3.156(a). That analysis is undertaken by comparing newly received evidence with the evidence previously of record. After evidence is determined to be new, the next question is whether it is material. 

The Board must review all evidence submitted by or on behalf of a claimant since the last, final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 510 - 513 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).

The Veteran's service connection claim for a skin disorder was initially denied in a December 1992 rating decision because the evidence did not show any current skin condition. Since the Veteran did not perfect an appeal of the decision within one year; the December 1992 rating decision became final. 38 U.S.C. § 7105(c) (2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2017).

Based on the record, the Board finds that the claim presented is one to reopen a previously denied claim for service connection for a skin disorder. See Velez v. Shinseki, 23 Vet. App. 199, 204 (2009) (quoting Boggs v. Peake, 520 F.3d 1330, 1337 (Fed. Cir. 2008).

Since the last, final December 1992 rating decision, the Veteran has submitted VA treatment records which show a current disability. Specifically, a June 2010 VA note shows a diagnosis of seborrheic dermatitis. In addition, a January 2012 pharmacy note reflects a history of dermatitis. The evidence is "new" because it had not been previously submitted and considered by VA, and is also material as it relates to an unestablished fact necessary to substantiate the claim - a current disability. Accordingly, new and material evidence has been received. The request to reopen the claim of entitlement to service connection for a skin disorder is granted. 38 C.F.R. § 3.156 (a); Shade v. Shinseki, 24 Vet. App. 110 (2010). 

Further development of this claim is necessary to allow the Board to make a fully informed decision. Accordingly, the reopened claim will be further discussed in the REMAND portion of the decision below.


Service Connection for Gum Disease

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C. § 1110 (West 2014); 38 C.F.R. § 3.303 (2017). That determination requires a finding of current disability that is related to an injury or disease in service. Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2017).

Under current VA regulations, compensation is only available for certain types of dental and oral conditions. See 38 C.F.R. § 4.150. They include chronic osteomyelitis or osteoradionecrosis of the maxilla or mandible, loss of the mandible, nonunion or malunion of the mandible, limited temporomandibular motion, loss of the ramus, loss of the condyloid or coronoid processes, loss of the hard palate, loss of teeth due to the loss of substance of the body of the maxilla or mandible and where the lost masticatory surface cannot be restored by suitable prosthesis, when the bone loss is a result of trauma or disease but not the result of periodontal disease. 38 C.F.R. § 4.150, Diagnostic Codes 9900 - 9916 (2017).

Other than an annual periodic oral examination, the Veteran's dental service treatment record show no complaints, abnormalities or treatment for his teeth or gum while in active service, nor has he asserted such. Therefore, since none of the above-listed conditions qualify the Veteran for service connection, under VA regulations, the requisite proof of a current disability has not been established, and therefore service connection for gum disease is not warranted.


ORDER

The claim of entitlement to service connection for a skin disorder is reopened; to this limited extent only, the appeal is granted.

Service connection for gum disease is denied.


REMAND

The Board regrets further delay, but finds that additional development is necessary before a decision may be rendered on the remaining issues on appeal.

Skin Disorder

The Board has reopened the claim of entitlement to service connection for a skin disorder based on the submission of new and material evidence. 

Prior adjudicative actions by the RO did not consider the new and material evidence relating to this claim on the merits. Review shows the Veteran failed to report to an examination scheduled to evaluate his disability and the RO denied the yet, unopened appeal pursuant to38 C.F.R. § 3.655 (b). The Board is mindful of 38 C.F.R. § 3.655 (b) which states: When a claimant fails to report for an examination scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied. 38 C.F.R. § 3.655 (b) (emphasis added). However, as the appeal is just now being reopened by the Board, the Veteran should be afforded another opportunity to attend a scheduled examination. 

The Board emphasizes that the duty to assist a claimant is not a one-way street. Thus, the Veteran's failure to cooperate in the development of his claim for entitlement to service connection for a skin disorder may have adverse effect on his appeal. Olsen v. Principi, 3 Vet. App. 480 (1992); Wood v. Derwinski, 1 Vet. App. 406 (1991); 38 C.F.R. § 3.655.

Hearing Loss

In an October 2010 VA examination, a VA examiner opined that the Veteran's hearing loss is not due to military service. See October 2010 VA examination/Audiology. As the rationale for this opinion, the VA examiner explained that the Veteran's January 1988 enlistment examination documented scarring of ears from chronic otitis externa and narrowed canals, with a normal to moderate hearing loss in the right ear, and a normal to mild hearing loss in the left ear. Id. He further explained that based on the Veteran's ear history and documented fluctuating hearing loss, his hearing results are likely conductive in nature. He also noted that noise-induced hearing loss is sensorineural in nature. 

Given that VA has conceded in-service noise exposure, the Veteran's ear disability pre-existed his service and there was a noted shift in thresholds during military service, an addendum opinion on aggravation is needed. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of his claimed skin disorder. The examiner must review the entire claims file in conjunction with the examination. The examiner is to:

(a) Identify all current skin disorders.

(b) For each diagnosed skin condition, to specifically include the June 2010 diagnosis of seborrheic dermatitis, is it at least as likely as not (a 50 percent or greater probability) that such was incurred in or is otherwise related to active service? A complete rationale must be provided for the opinion provided.

2. Return the file to the October 2010 audiologist for an addendum opinion on the nature and etiology of his bilateral hearing loss. If the examiner is unavailable, the file should be sent to another examiner. The VA examiner must review a complete claims file, including a copy of this REMAND. All necessary tests and studies should be accomplished and all clinical findings reported in detail. 

The VA examiner should indicate whether it is at least as likely as not (50 percent probability or more) that the Veteran's bilateral hearing loss, which pre-existed service, was aggravated during service. "Aggravation" is defined as a permanent increase in severity beyond the natural progress of the disability.

 The examiner should construe all lay statements from the Veteran about onset and symptomatology as credible, unless there is reason to believe that the information being provided is not credible. 

A detailed rationale is requested for all opinions provided. If an opinion cannot be provided without resorting to speculation, provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

3. Copies of any letters sent to the Veteran regarding scheduling the VA examinations must be associated with the claims file. The Veteran is hereby advised that failure to report for any scheduled VA examination without good cause shown may have adverse effects on the issues on appeal. 38 C.F.R. § 3.655 (2017).

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 
This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2014).



______________________________________________
D. JOHNSON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs